UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CAMPBELL, | Case No. 5:14-cv-03071-PSG |
| Plaintiff, | **ORDER RE: CONSENT TO MAGISTRATE JUDGE JURISDICTION** |
| v. | |
| BARACK OBAMA, et al., | **(Re: Docket Nos. 4 and 60)** |
| Defendants. | |

The docket reflects Plaintiff Kenneth L. Campbell's consent to magistrate jurisdiction before the undersigned on July 14, 2014.[1] Campbell filed a declination to proceed before a magistrate judge on September 29, 2014.[2] Campbell's filing does not comport with the law of this circuit.

Once a magistrate judge obtains consent under 8. U.S.C. Section 636(c), the consent "can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown' by any party."[3] "There is no absolute right, in a civil case, to withdraw

---

[1] *See* Docket No. 4 at 1 ("In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment") (emphasis in original).

[2] *See* Docket No. 60.

[3] *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (quoting 8 U.S.C. § 636(c)(6)); *see also*

1

Case No. 5:14-cv-03701-PSG
ORDER RE: CONSENT TO MAGISTRATE JUDGE JURISDICTION

consent to trial and other proceedings before a magistrate judge."[4]  Absent extraordinary circumstances and leave from the court, Campbell may not unilaterally revoke his consent to proceed before the undersigned in this case.  Should Campbell believe extraordinary circumstance supports reassignment of this case, the court will entertain a renewed motion on the issue without prejudice.

**IT IS SO ORDERED.**

Dated: October 3, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

Fed. R. Civ. P. 73(b); *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984) ("Once a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court, and only for good cause shown on its own motion, or under *extraordinary* circumstances shown by any party") (emphasis in original, quotation and citation omitted).

[4] *Id.* (*citing Carter v. Sea-Land Servs.*, 816 F.2d 1018, 1020 (5th Cir. 1987)

> We find nothing in the statute or the legislative history that requires continuing expressions of consent before a magistrate can exercise authority under a valid reference.  Nor will we accept the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome.  Any such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking.  We will not countenance such fast and loose toying with the judicial system.

2
Case No. 5:14-cv-03701-PSG
ORDER RE: CONSENT TO MAGISTRATE JUDGE JURISDICTION