UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CAMPBELL, | Case No. 5:14-cv-03071-PSG |
| Plaintiff, | **ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO EXTEND TIME** |
| v. | |
| BARACK OBAMA, et al., | |
| Defendants. | **(Re: Docket No. 46)** |

Before the court are Kenneth L. Campbell's motion to appoint counsel and motion to extend time to reply to the State Bar's motion to dismiss.[1] The State Bar opposes.[2] The court finds these motions suitable for disposition on the papers pursuant to the local rules.[3] A further motion included in Campbell's same filing requests the addition of Karen B. Goldberg to the list of defendants.[4] The court will hear arguments from the parties on the motion to join Goldberg and the

---

[1] *See* Docket No. 46.

[2] *See* Docket No. 49.

[3] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call"); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings").

[4] *See* Docket No. 46 at 4.

1
Case No. 5:14-cv-03071-PSG
ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO EXTEND TIME

merits of the State Bar's motion to dismiss at a hearing currently scheduled on October 28, 2014 at 10:00 a.m.[5]

### A. Appointment of Counsel

"Generally, a person has no right to counsel in civil actions."[6] "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."[7] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"[8] "Neither of these considerations is dispositive and instead must be viewed together."[9]

Among other claims, Campbell's complaint presents a constitutional challenge. Campbell essentially argues that Medicare's 100-day policy violates the Eighth Amendment to the U.S. Constitution.[10] Nothing in the papers presented suggests that Campbell is likely to succeed or otherwise justifies granting his request for formal appointment. Campbell's motion therefore is DENIED. The court nevertheless refers Campbell to the Federal Legal Assistance Self Help program's screening and counsel-matching process.[11] Perhaps counsel seeking pro bono hours and experience in this jurisdiction might wish to become involved in Campbell's suit.

---

[5] *See* Docket No. 55.

[6] *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir.1981)).

[7] *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).

[8] *Id.* (citing *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)) (emphasis in original).

[9] *Id.* (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

[10] *See* Docket No. 1 at 4.

[11] The Federal Legal Assistance Self Help Center at the San Jose Courthouse (FLASH), *available at* http://www.cand.uscourts.gov/helpcentersj, 408-297-1480, United States Courthouse, 280 South 1st Street, 2nd Floor, Room 2070, San Jose, CA 95113.

**B. Extension of Time to Respond to the California State Bar's Motion to Dismiss Complaint**

The Federal Rules of Civil Procedure provide that "a court may, for good cause" extend the time to file an opposition "on motion made after the time has expired if the party failed to act because of excusable neglect."[12]

With regard to his delay, Campbell cites denial of due process, lack of assistance of counsel, lack of notice, limited access for legal research at the law library, and medical incapacitation.[13] The State Bar argues against any consideration of Campbell's struggle to pursue his claims on his own, noting again that there is generally no constitutional right to counsel in civil cases.[14] The State Bar's counsel told Campbell in conference on August 4, 2014 that it would file its motion to dismiss, and sent copies of its motion both by e-mail and overnight mail.[15]

Having reviewed the arguments and circumstances, the court is satisfied that allowing Campbell a modest extension of time is fair and will not unduly prejudice the State Bar. The court GRANTS Campbell an extension such that Campbell may file an opposition no later than October 13, 2014. The State Bar may file a reply no later than October 20, 2014.

**IT IS SO ORDERED.**

Dated: October 6, 2014

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See* Fed. R. Civ. P. 6.

[13] *See* Docket No. 46 at 2-3.

[14] *See* Docket No. 49 at 2 (citing *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir.1994), cert. denied, 514 U.S. 1082 (1995); *Friedman v. State of Arizona*, 912 F.2d 328, 333 (9th Cir.1990), cert. denied by *Naftel v. Arizona*, 498 U.S. 1100 (1991); *Hernandez v. Whiting*, 881 F.2d 768, 770–71 (9th Cir.1989); *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996)).

[15] *See* Docket No 49 at 2-3.

Case No. 5:14-cv-03071-PSG
ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO EXTEND TIME