UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CAMPBELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BARACK OBAMA, et al.,<br><br>　　　　Defendants. | Case No. 5:14-cv-03071-PSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR REMOVAL, JOINDER AND VACATION AND WITHRDRAWAL**<br><br>**(Re: Docket Nos. 22, 30, 33, 46, 68, 81)** |

Responding to three motions to dismiss and filing his own motion for removal of state administrative proceedings, motion to join a defendant and motion to vacate an order and withdraw consent to magistrate judge jurisdiction, Plaintiff Kenneth L. Campbell shares many frustrations with the political and legal professions.[1]  Because these frustrations are no substitute for persuasive

---

[1] *See* Docket No. 87 at 3-4 (citing *Cooper v. Swoap*, 11 Cal. 3d 856, 872 (1974)):

> As a matter of Congressional intent, [P]laintiff submits it is totally illogical and unintellig[ible] to suggest that Congress knowingly intended to establish a Benefit Period based upon medical condition[s] and at [the] same time implement [a] 100 day irrespective of medical condition rule of [coverage] for elderly and disabled adults. Accordingly, the position that is maintained by Kaiser together with federal defendants and SALA/Michele Schroeder, represents an interpretation of law that is reminiscent of a journey into the fictional realms visited by Alice through [the] looking glass. In [the] fanciful world of Lewis Carroll, the inhabitants could turn fact into fiction and fiction into fact by mere *ipse dixit*. As Humpty Dumpty scornfully informed Alice, "When I use a word, it means just what I choose it to mean—neither more nor less."

1
Case No. 5:14-cv-03071-PSG
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR REMOVAL, JOINDER AND VACATION AND WITHDRAWAL

legal arguments, the court must GRANT Defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The court also must DENY Campbell's three motions, largely for improper procedure. The court GRANTS Campbell leave to amend as to Docket Nos. 22, 30 and 81.

**I.**

Campbell is a resident of Mountain View, California.[2] Due to an infected foot and injured spine, he was admitted to the hospital and later transferred in and out of various skilled nursing facilities.[3] As a participant of the Senior Advantage MA Plan ("MA Plan") offered by Kaiser Permanente, Campbell was entitled to skilled nursing coverage for up to 100 days.[4]

On June 25, 2012, while Campbell was still receiving care, Kaiser's MA organization notified Campbell that he had exhausted his Medicare coverage for skilled nursing facilities.[5] After reconsideration by the MA organization and subsequent review by a qualified independent

---

> "The question is," said Alice, "whether you can make words mean so many different things." "The question is," said Humpty Dumpty, "which is to be master—that's all."
>
> Like Humpty Dumpty, Kaiser and federal defendants confront this Court with the question "which is to be master"[—]Defendants or Congress? Defendants['] position is as precarious and untenable as Humpty's seat on the wall. . . . Secondly, assertions of unintelligible statements clearly suggests mental defect and incompetency that warrants the Court appointing psychiatrists in the case.

[2] *See* Docket No. 1 at 6-7.

[3] *See id.*; Docket No. 81 at 5.

[4] *See* Docket No. 1 at 7; Docket No. 81 at 5 ("Specifically, the [P]laintiff received SNF services from March 9, 2012 to March 11, 2012 (3 days); March 12, 2012 through March 28, 2012 (17 days); April 4, 2012 through April 10, 2012 (7 days); April 14, 2012 to April 30, 2012 (17 days); May 1, 2012 to May 31, 2012 (31 days) and June 1, 2012 through June 25, 2012 (25 days)— totaling 100 days."). Campbell's various stays at the facilities ultimately added up to well over 100 days. *See* Docket No. 81 at 7; Docket No. 1 at 9.

[5] *See* Docket No. 81 at 5.

contractor, Campbell again was denied further coverage.[6] An administrative law judge affirmed the denial.[7] Campbell then appealed to the Medicare Appeals Council, which affirmed the ALJ's decision.[8]

Campbell next filed this suit against President Barack Obama, Secretary of Health and Human Services Sylvia Burwell, Kaiser Health Foundation/ VA Clacher ("Kaiser"), Los Altos Sub-Acute/ J. Alvarez, Santa Clara County Welfare's Robert Brizuela and Patricia Melenudo, Shorebreeze Apartment/ Martha Ray, Senior Adults Legal Assistance/ Michele Schroeder ("SALA") and the State Bar of California/ Director ("the State Bar").[9] Based on Campbell's request in his papers,[10] the court dismissed nine Defendants at a hearing on December 6, 2014.[11] Defendants Burwell and Obama, the State Bar, SALA and Kaiser remain.

**II.**

This court has jurisdiction under 28 U.S.C. § 1331.[12] The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[13]

---

[6] *See id.* The review process for denied Medicare claims is as follows: first, the MA plan participant may request reconsideration by a MA organization; if the decision is affirmed, a follow-up review by an outside entity is allowed; if the MA participant remains unsatisfied, he may appear before an administrative law judge; the ALJ's decision may be appealed to the Medicare Appeals Council pursuant to 42 C.F.R. § 422.608; finally, the MA participant may request judicial review of the Council's decision, pursuant to 42 C.F.R. § 422.612(a)-(b). *See* Docket No. 81 at 4.

[7] *See* Docket No. 81 at 5.

[8] *See id.*

[9] *See* Docket No. 1 at 3.

[10] *See* Docket No. 86 at 3.

[11] *See* Docket No. 104.

[12] *See* Docket No. 1 at 3.

3
Case No. 5:14-cv-03071-PSG
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR REMOVAL, JOINDER AND VACATION AND WITHDRAWAL

**III.**

The court considers each pending motion in turn, beginning with Defendants' motions to dismiss.

Fed. R. Civ. P. 12(b)(1) provides that a court may grant a motion to dismiss based on lack of subject matter jurisdiction any time.[14] Fed. R. Civ. P. 12(b)(6) provides that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[15] A plaintiff must allege facts that add up to "more than a sheer possibility" that the defendant acted unlawfully.[16] While a "heightened fact pleading of specifics" is not required, the plaintiff must still allege facts sufficient to "raise a right to relief above the speculative level."[17] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[18] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[19] In reviewing a Rule 12(b)(6) motion, a court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.[20] A court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact,

---

[13] *See* Docket Nos. 4, 22, 25, 30, 31, 42, 52, 53, 54, 82, 103.

[14] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-mater jurisdiction, the court must dismiss the action.").

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Twombly*, 550 U.S. at 544, 555.

[18] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[19] *Id.* (citing *Twombly*, 550 U.S. at 557).

[20] *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009), *rev'd on other grounds*, 131 S. Ct. 2074 (2011).

or unreasonable inferences."[21] If the court dismisses a complaint, it must decide whether to grant leave to amend. Leave should be granted even if no such request was made, unless the pleadings could not possibly be cured by the allegation of other facts.[22]

Campbell alleges that (1) the State Bar and SALA violated the Eighth Amendment in denying him legal representation and assistance, (2) the State Bar and attorney Karen Goldberg conspired to "obstruct justice and due administration of the law," (3) Burwell violated the Eighth Amendment in denying him Medicare for a skilled nursing facility, (4) Obama violated his constitutional duty to enforce the Americans with Disabilities Act when Campbell was allegedly discriminated against during administrative proceedings and (5) the undersigned, the State Bar, the California Supreme Court, the Sixth District Court of Appeals of California and the Santa Clara Superior Court conspired to "obstruct justice and the due administration of law.

Regarding the State Bar, Campbell does not allege facts sufficient to "raise a right to relief above the speculative level"[23] as he references the State Bar once in his complaint and never in his opposition.[24] But even if Campbell's claim rises above speculation, the State Bar is a state constitutional entity established by Article VI, Section 9 of the California Constitution.[25] The State Bar assists the California Supreme Court in administrative matters such as attorney admission and discipline, whereas the Court retains the authority to admit, suspend or disbar attorneys.[26] Under the Eleventh Amendment, a plaintiff may not sue a state or its agencies in federal court without

---

[21] *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

[22] *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

[23] *Twombly*, 550 U.S. at 544, 555.

[24] *See* Docket No. 1 at 2; Docket No. 47.

[25] *See In re Rose*, 22 Cal. 4th 430, 438 (2000).

[26] *See In re Attorney Discipline Sys.*, 19 Cal. 4th 582, 600 (1998).

5
Case No. 5:14-cv-03071-PSG
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR REMOVAL, JOINDER AND VACATION AND WITHDRAWAL

consent.[27] Here, the State Bar has not given consent.[28] The court therefore does not possess subject matter jurisdiction.[29]

Regarding SALA, Campbell alleges only that SALA declined to represent him.[30] There is no discussion as to how SALA denied Campbell legal representation, nor is it clear such denial constitutes a constitutional violation.[31] This is insufficient.

As for Burwell and Obama, Campbell seeks judicial review of Burwell's final decision denying Medicare coverage for care at a skilled nursing facility[32] and argues that in denying him Medicare benefits, Obama violated his duty to enforce the ADA.[33] Campbell not only fails to state a plausible claim against Burwell, but he also has not shown that the court has subject matter jurisdiction with regard to his claim against Obama.

First, Campbell's claim that Burwell's final decision is "a death sentence" that constitutes cruel and unusual punishment in violation of the Eighth Amendment is not plausible because the Ninth Circuit requires a "formal adjudication of guilt in accordance with due process of law" to

---

[27] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Ninth Circuit firmly holds that the State Bar and its employees enjoy immunity under the Eleventh Amendment. *See Hirsh v. Justices of Supreme Court of State of Cal. et al.*, 67 F.3d 708, 712 (9th Cir. 1995).

[28] *See* Docket No. 22.

[29] *See Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998).

[30] *See* Docket No. 47 at 3.

[31] *See* Docket No. 1 at 3, 4; Docket No. 47 at 3, 4.

[32] *See* Docket No. 81 at 2. The limit and scope of post-hospital extended care services—"extended care services furnished to an individual after his transfer from a hospital in which he was an inpatient for not less than three consecutive days before his discharge from the hospital"—is set forth in section 1395d(a)(2)(A). *See also* § 1395x(i). Skilled nursing facility services fall under this category. *See* § 1395d(a)(2)(A).

[33] *See* Docket No. 81 at 2, 5.

accompany such a claim.[34] The Medicare Act explicitly provides that coverage at a skilled nursing facility is limited to no more than 100 days during "the spell of illness."[35] Section 405(g) of the Medicare Act also states that the findings of the Secretary, "if supported by substantial evidence, shall be conclusive."[36] Campbell has alleged no facts to show that Burwell's decision would be equivalent to a death sentence.

Second, the President enjoys "absolute immunity" from liability predicated on his official actions or inactions,[37] such as Campbell claims here.

## IV.

The court turns next to Campbell's request to remove his state administrative proceedings.[38] He urges removal is proper because "[P]laintiff is a defendant within meaning of [28 U.S.C. § 1446] because by this removal petition [Plaintiff] is seeking to defend and protect lawful equal protection rights under the laws and Constitution of [the] United States."[39] It appears Campbell has two appeals, Case Nos. 14,177,163 and 14,170,201, before the California Department of Social

---

[34] *In Re Grand Jury Proceedings*, 33 F.3d 1060, 1062 (9th Cir. 1994).

[35] *See* 42 U.S.C. § 1395d(a)(2)(A); Docket No. 81 at 2, 5. Campbell's Medicare benefits were exhausted as of June 25, 2012. *See* Docket No. 81 at 2, 5. A "spell of illness" begins on the first day the patient is hospitalized and ends after a period of 60 consecutive days where the individual is not an inpatient at any hospital or skilled nursing facility. *See* § 1395x(a).

[36] *See* 42 U.S.C. § 405(g).

[37] *See Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). *See also Christie v. Obama*, Case No. 2:13-cv-00596-MRH, 2013 U.S. Dist. LEXIS 67548, at *5-6 (W.D. Penn. May 13, 2013) (citing *Baker v. Carr*, 369 U.S. 186, 217 (1962)).

[38] *See* Docket No. 33.

[39] *See* Docket No. 33 at 2 (citing *Shamrock Oil v. Sheets*, 313 U.S. 100, 104 (1941) (concerning a breach of contract claim and whether Congress had originally intended for both plaintiffs and defendants to remove their cases under the removal statue)).

Services, Administrative Adjudications Division.[40] Campbell argues (1) the fact that he could not secure representation and the challenges he experiences due to his disabilities violate his due process rights and (2) Santa Clara County's denial of additional hours in caregiver assistance to conduct legal research and the Medicare and MediCal policies amount to discrimination and harassment, thus violating his equal protection rights.[41]

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[42] Generally, only defendants may remove actions from the state to the federal courts.[43] Plaintiffs who do not fit under a special exception may not remove,[44] reflecting Congress' intent that a plaintiff should not be permitted to alter the forum it selects to litigate its claims against a particular defendant.[45] Campbell's request for removal of his state administrative proceeding therefore is improper.

---

[40] *See* Docket No. 33 at 3-5.

[41] *See id.* at 7; Docket No. 33-1 at 18-19.

[42] 28 U.S.C. § 1441(a).

[43] *See* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 107.11, 107.15 (Matthew Bender 3d ed. 2014); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988).

[44] *See id.*

[45] *See id.*; *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979) ("A federal court's removal jurisdiction derives solely from Congressional authorization and the removal statutes are construed strictly against removal."); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) ("[D]efendant always bears the burden of establishing removal" and federal jurisdiction must be rejected in the first instance if any doubt exists as to removal); *Mobile Oil Corp. v. City of Long Beach*, 772 F.2d 534, 539 (9th Cir. 1985) (holding that original federal question jurisdiction is unavailable where the cause of action is a creature of state law, unless the federal issue (1) is a necessary element of a well-pleaded state law claim for coercive relief, (2) is substantial and (3) disputed). The case at issue is similar to *State of Nevada v. Culverwell*, where the district court

**V.**

Campbell also seeks to join Goldberg as a defendant on grounds that she conspired with the State Bar, the California Supreme Court, the Sixth District Court of Appeals of California and the Santa Clara Superior Court to "obstruct justice and the due administration of law."[46] Pursuant to Fed. R. Civ. P. 20(a), a person may be joined as a codefendant if (1) a right to relief is asserted by or against them jointly, severally or in the alternative, (2) the right to relief arises out of the same transaction or occurrence and (3) any question of law or fact common to all parties joined will arise in the action.[47] Requirements governing permissive joinders are liberally construed.[48]

Though Campbell seeks "to establish the truth, the whole truth and nothing but the truth in the American way,"[49] he spends less than one page explaining that Goldberg should be joined because she is "totally incompetent" and "maliciously declared by the State Bar to be an attorney."[50] The court is not convinced there is a right to relief, that it occurs out of the same transaction or occurrence—Campbell references *Campbell v. Goldberg*, Case No. 11-8866, in which Goldberg allegedly failed to submit a respondent's brief[51]—or that any question of law or fact common to all parties joined will arise in the action.

---

denied the defendant's request for removal because mere invocation of the First and Fourteenth Amendments does not confer federal jurisdiction and warrant removal.  890 F. Supp. 933, 937 (D. Nev. 1995).

[46] *See* Docket No. 46 at 4.

[47] *See also Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705 (1972).

[48] *See United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

[49] *See* Docket No. 46 at 4.

[50] *See id*.

[51] *See* Docket No. 22.

**VI.**

Finally, Campbell seeks to withdraw his consent to the undersigned magistrate judge on grounds that the court initially recorded Campbell's address incorrectly,[52] the undersigned engaged in "corrupt misconduct," namely, "unlawful conspiracy to obstruct justice and due administration of law" by not appointing Campbell counsel or disclosing that the undersigned is a member of the State Bar, an adverse party in the case at issue.[53] Campbell previously filed a one-page motion to rescind his consent to magistrate jurisdiction, which the court declined without prejudice, and which Campbell also seeks to vacate.[54]

First, the court apologizes to Campbell for inconveniences caused by using Campbell's previous apartment number for correspondence. The court has corrected its mistake.

Second, under 28 U.S.C. § 636(c), once a case is referred to a magistrate judge, reference can be withdrawn by the district court only "for good cause shown on its own motion, or under *extraordinary circumstances* shown by any party (emphasis added)."[55] The Ninth Circuit has held that factors for consideration include the timeliness of the request, whether granting the request would unduly interfere with or delay the proceedings, increasing the burden and costs to litigants, and whether the party's consent was voluntary.[56]

Membership in the State Bar is not evidence of an extraordinary circumstance that would warrant vacating reference to this court. Campbell's request comes well after he has already

---

[52] *See* Docket No. 59.

[53] *See* Docket No. 68 at 3, 6, 7.

[54] *See* Dockets No. 60, 62.

[55] *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.").

[56] *See United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993) (citations omitted).

consented and the case has moved beyond the first round of motions to dismiss. The case has not proceeded thus far with excessive delay or burden, but would if the court granted Campbell's request. Nor has the court has engaged in corrupt misconduct or unlawful conspiracy to obstruct justice and due administration of law. Circumstances here are not extraordinary, and DENYING Campbell's motion with prejudice best serves the interests of justice.[57]

## VII.

Defendants the State Bar, SALA, Burwell and Obama's motions to dismiss are GRANTED. While the court is not confident Campbell will be able to adequately plead claims against the State Bar or the President, Ninth Circuit law is clear that leave should be granted liberally.[58] Thus leave to amend is GRANTED for each Defendant dismissed. As to Campbell's motions for removal of his state administrative proceedings, permissive joinder and withdrawal of consent to the jurisdiction of the undersigned, because amendment would be futile, the court DENIES these requests with prejudice.

**SO ORDERED.**

Dated: February 10, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[57] *See* Docket No. 68 at 1.

[58] *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

11
Case No. 5:14-cv-03071-PSG
ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR REMOVAL, JOINDER AND VACATION AND WITHDRAWAL