Kenneth L. Campbell
460 N Shoreline Bl., #117
Mtn. View, CA 94043
650/390-6871
kencampbellm@yahoo.com

Plaintiff Propria Persona

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KENNETH L. CAMPBELL,

   Plaintiff,

   -vs-

BARRACK OBAMA, United States
President, et al

   Defendants.

) Case No. <u>CV-14-03071-PSG</u>
)
)
) PLAINTIFF"S PROPOSED
) AMENDMENT TO COMPLAINT
)
)
)
)

TO THE COURT AND ALL PARTIES AND ATTORNEYS OF RECORD:

 Plaintiff, <u>KENNETH L. CAMPBELL</u>, involuntarily acting in
Propria Persona, being first duly sworn, does hereby amend the
complaint herein as follows:

I

 Plaintiff adopts and realleges all paragraphs and provisions
of the original verified complaint and incorporates them herein
as though fully set-forth in haec verba.

II

 Plaintiff hereby names and joins the following additional
parties herein who directly committed the acts or course of

//////

-1-

conduct complained of or aided, abetted and encouraged such acts
and conduct:

1. <u>LINDA G WILEY</u> who is a citizen and neighbor resident
at Shorebreeze Apartments located in City of Mountain View,
Santa Clara County, State of California. Said defendant has
close personal friendship with community manager and together
maintain course of conduct directed against plaintiff which is
hostile and malicious;

2. <u>LIDIA BRESLAVEZ</u> who is a citizen and neighbor resident
at Shorebreeze Apartments located in City of Mountain View,
Santa Clara County, State of California. Said defendant is a
Russian lady who does not speak and communicate in the English
language, and maintains close personal friendship with community
manager and together maintain course of conduct directed at
plaintiff which is hostile and malicious;

3. <u>NOTISHA ZAYNDENBERG</u> who is a citizen and neighbor resident
at Shorebreeze Apartments located in City of Mountain View,
Santa Clara County, State of California. Said defendant is a
Russian lady who has limited ability to speak and communicate
in English language, and maintains close personal friendship
with community manager and together maintain course of conduct
directed at plaintiff which is hostile and malicious;

4. <u>FRANCISCO AGUILAR</u> who is a citizen employed as maintenance
staff at Shorebreeze Apartments located in City of Mountain View,
Santa Clara County, State of California. Said defendant has
close business/personal friendship with community manager and
together maintain course of conduct directed at plaintiff which

//////

-2-

1   is hostile and malicious;

2       5.  MARIA IVANCHUK who is a citizen employed as services

3   staff at Shorebreeze Apartments located in the City of Mountain

4   View, Santa Clara County, State of California.  Said defendant

5   has close business/personal friendship with community manager

6   and together maintain course of conduct directed at plaintiff

7   which is hostile and malicious;

8       6.  PAUL S GREWAL, who is a citizen employed as a magistrate

9   judge of the United States District Court for Northern District

10  of California.  Said defendant has maintained a course of conduct

11  during this litigation which is hostile and malicious which

12  includes elder abuse and disability discrimination contrary to

13  both state and federal laws;

14      7.  KAREN B GOLDBERG, who is a citizen that has maintained

15  a course of conduct directed at plaintiff which is hostile and

16  malicious aided and abetted by the California State Bar that

17  admitted her to practice of Law.  She was/is a totally incompetent

18  pro se litigant who absolutely lacks any knowledge & understanding

19  of law including court procedures;

20      8.  KAREN B GOLDBERG, who is a citizen and attorney duly

21  licensed by the State of California (SB 179709).  Said defendant

22  is named and joined herein solely to establish that she is not

23  the same Karen B Goldberg last aforementioned in paragraph 6.

24      Attached hereto is true and correct copy of California State

25  Bar computer printout indicating said defendant/attorney is

26  employed by law firm of Selman & Brietman which has offices in

27  Los Angeles, San Francisco, Orange County, San Diego and Las

28  //////

-3-

1  Vegas.  It is plaintiff's understanding that such information

2  was/remains unavailable to California State Bar and its attorneys

3  of record.

III

5  At all times mentioned herein, plaintiff claims & maintains

6  that every citizen in every state has both a right to live and

7  die under the laws and Constitution of United States.  Such right

8  to die is consistent with Ten Commandments including the Eighth

9  Amendment.

10  As applied to plaintiff, the elder abuse together with the

11  disability discrimination complained of herein is tantamount

12  or practical equivalent to a terminal illness that supports the

13  right to die by medically assisted suicide.

IV

15  Alternatively and additionally, plaintiff claims and maintains

16  there is a right to life under the laws and Constitution of the

17  United States which is adversely affected by the 100 day hospital

18  benefit irrespective of medical condition and benefit period

19  which offends and violates both the Eighth & Thirteenth Amendments

20  to United States Constitution as more fully appears in all of

21  the administrative records and files subject to review upon the

22  timely filed complaint.

V

24  At all times mentioned herein, plaintiff is an elder and

25  disabled senior citizen who in addition to federally protected

26  right to life is protected from abuse under the laws of State

27  of California.

28  //////

-4-

1  The term "Elder" means a person resideng in the state, 65

2  years of age or older (Welf. & Inst. Code §15610.27).  Purpose

3  of the Elder Abuse Act is essentially protection of particularily

4  vulerable portion of population from gross mistreatment in the

5  form of abuse and custodial neglect (Delaney v Baker (1999) 20

6  Cal.4th 23).[1/]

7                                VI

8  Under Elder Abuse Act: "Abuse of an elder or dependent adult

9  means either of the following:

10  (a) Physical abuse, neglect, financial abuse, abandonment,

11  isolation, abduction, or other treatment with physical harm or

12  pain or mental suffering;

13  (b) The deprivation by a care custodian of goods or services

14  that are necessary to avoid physical harm or mental suffering."

15                                VII

16  Under Elder Abuse Act: "Goods and services necessary to avoid

17  physical harm or mental suffering include, but are not limited

18  to, all of the following:

19  (a) The provision of medical care for physical and mental

20  health needs;

21  (b) Assistance in personal hygene;

22  (c) Adequate clothing;

23  (d) Adequately heated and ventilated shelter;

24  (e) Protection from health and safety hazards;

25  _____

26  It is submitted that purpose of Elder Abuse Act is clearly
co-extensive with purpose of Eighth & Thirteenth Amendments.

27

28

-5-

(f)  Protection from malnutrition, under those circumstances, where the result include, but are not limited to, malnutrition and deprivation of necessities or physical punishment;

(g)  Transportation and assistance necessary to secure any of the needs set-forth in subdivisions (a) to (f)."

VIII

At all times mentioned herein, plaintiff was a member of defendant KAISER HEALTH FOUNDATION (MR #06680719).  Following admission to hospital for medical treatment and services, plaintiff was admitted as inpatient at Los Altos Sub-Acute Rehabilitation Center (MR #12273) which is hereby reinstated as defendant herein.

IX

At all times mentioned herein, plaintiff during inpatient status at Los Altos Sub-Acute was gravely disabled and unable without assistance to provide basic needs for personal hygiene including food, clothing and shelter.  As indicated & reflected in medical records and files, plaintiff was confined to wheelchair and required hoyle-lift from and into bed, copy of said medical records and files are included and incorporated herein by thisreference, and made part hereof with force and effect as though fully set forth in haec verba.

During said inpatient status, plaintiff was a "Dependent Adult" which means any person residing in this state, between ages 18 and 64 years, who has physical or mental limitations that restrict his or her ability to carry out normal activities or to protect his or her rights including, but not limited to,

//////

-6-

persons who have physical or developmental disabilities or whose
physical or mental abilities have diminished because of age
(Welf. & Inst. Code §15610.23).

A "Dependent Adult" includes any person between ages of 18
and 64 who is admitted as an inpatient to a 24 hour health
facility, as defined in Sections 1250, 1250.2 and 1250.3 of the
Health & Safety Code (Welf. & Inst. Code §15610.23 supra).[2/]

X

During inpatient status as aforementioned, plaintiff was
provided notice (credible threat) from defendant KASIER HEALTH
FOUNDATION indicating discontinuance of medical coverage benefits
effective 6/25/12.  Pursuant to said notification, plaintiff
was subjected to Elder Abuse and Mental Suffering which means:
"fear, agitation, confusion, severe depression or other forms
of severe emotional distress that is brought about by forms of
intimidating behavior, threats, harassment, or by deceptive acts
performed or false or misleading statements made with malicious
intent to agitate, confuse, frighten, or cause severe depression
or serious emotional distress of the elder or dependent adult"
(Welf. & Inst. Code §15610.53).

XI

Based upon all of foregoing premises, plaintiff claims and
maintains that the 100 day hospital benefits irrespective of
medical condition rule constitutes elder abuse and death sentence

2.  At all times mentioned, defendant LOS ALTOS SUB-ACUTE
is a 24 hour health facility, as defined in Sections 1250, 1250.2,
and 1250.3 of the Health and Safety Code.

1  in violation of both Eighth & Thirteenth Amendments to United

2  States Constitution as hereinafter more fully appears.

3                              XII

4      Insofar and to extent as the Court has heretofore directed

5  clarification of the cruel and unusual death sentence imposed

6  under the 100 day hospital benefit irrespective of medical

7  condition rule including the benefit period, it is submited that

8  such cruel and unusual death sentence was to be implemented as

9  hereinafter set-forth;

10     Denial and deprivation of medical treatment and services

11  necessary and essential to provide and maintain:

12     (a)  The provision of medical care for physical and mental

13  health needs;

14     (b)  Assistance for personal hygiene;

15     (c)  Assistance for adequate clothing;

16     (d)  Adequately heated and ventilitated shelter;

17     (e)  Protection from health and safety hazards;

18     (f)  Lack of food and nutrition which results in malnutrition,

19  physical pain and mental suffering until terminated by death;

20     (g)  Due to medical condition that included need for hoyer

21  lift into and out of bed, plaintiff lacked ability to secure

22  any of the needs specified in subdivisions (a) to (f) inclusive.

23                             XIII

24     Due to medical condition and denial of aforementioned needs

25  essential to perpetuate life and liberty under laws & Constitution

26  of United States, the 100 day hospital benefit irrespective of

27  medical condition rule operates to impose cruel and unusual

28  //////

                              -8-

punishment in violation of the Eighth Amendment to United States

Constitution (Robinson v California (1962) 370 US 660, 676;

Estelle v Gamble (1976) 429 US 97).

XIV

Insofar and to extent federal defendants expressly rely upon

Ingraham v Wright (1976) 430 US 651 in support of legal theory

and proposition that the punishment/death sentence complained

of herein is outside scope and protection of Eighth Amendment

due to absence of criminal prosecution and conviction, plaintiff

submits that absent punishment for crime of which duly convicted

violates plain language of Thirteenth Amendment. Viewed from

top to bottom, side to side, the punishment/death sentence in

this case is unlawful and unconstitutional.

XV

At all times mentioned herein, Los Altos Sub-Acute is a

skilled nursing facility where at time of elder abuse was an

inpatient, and having knowledge thereof, failed to report said

abuse to law enforcement authorities including adult protective

services division of county welfare department. Due to such

report failure and omission, plaintiff was denied assistance

of client and/or patients right advocate and accordingly did

proceed without assistance to file and exhaust administrative

remedies.

XVI

During past seven months, plaintiff has been subjected to

continuous elder abuse and disability discrimination by landlord

and community manager (Martyn Ray) who are hereby reinstated

//////

1  as defendants together with staff members, neighbor tenants who

2  are named and joined in Paragraph 2 of this amended complaint.

3      Said elder abuse and disability discrimination is indicated

4  and reflected in several police reports including a verified

5  written Answer & Response to Eviction Notice (included and

6  incorporated herein by reference, and made part hereof with force

7  and effect as though fully set forth in haec verba).

8      Pursuant to foregoing, plaintiff is seeking the assistance

9  of counsel and has scheduled an interview with SALA on 9/2/15

10  at Mountain View Senior Center.

11                          XVII

12      At all times mentioned, defendant SALA/MICHELLE SCHROEDER

13  is an legal organization providing free legal assistance for

14  several areas of law including Medicare, which is adequately

15  funded by several sources including the California State Bar.

16      Prior to commencement of this action, said defendant denied

17  plaintiff legal assistance upon false claim of lacking funding

18  with intent to conceal elder abuse and disability discrimination,

19  and with further intent to subject plaintiff's pro per status

20  to second class and meaningless right.

21                          XVIII

22      At all times mentioned, defendant CALIFORNIA STATE BAR did

23  willfully, knowingly and unlawfully declare defendant KAREN B

24  GOLDBERG to be an attorney which is function reserved exclusively

25  to California Supreme Court. Said defendant was and continues

26  to be a totally incompetent pro se litigant who lacks knowledge

27  of law including court procedures.

28  //////

                          -10-

XIX

At all times mentioned, plaintiff has unsuccessfully attempted to secure psychiatric examination and report relating to elder abuse and mental suffering herein complained of.

DAMAGES/RELIEF

The acts and conduct of defendants jointly and severally were willful, wanton, cruel, abusive and discriminatory which justifies awarding punitive damages in the sum and amount of $30 Million Dollars, together with such other and further relief as appears just and proper including but not limited to the abolishment of California State Bar and prohibition of its members from practice of law.

WHEREFORE, Plaintiff prays:

1.  Declaratory Judgment and Injunction against enforcement of 100 day hospital benefits rule irrespective of medical condition and benefit period in violation of Eighth Amendment to United States Constitution including Elder Abuse Laws of the State of California;

2.  For general and punitive damages in the sum and amount of $30 Million Dollars;

3.  For costs of medical doctors or psychiatrists to  provide medically assisted suicide;

4.  For costs of suit including appointment of counsel and attorney fees.

//////
//////
//////
//////

-11-

1  I declare under penalty of perjury that foregoing is true

2  and correct, and this declaration was executed at Mountain View,

3  California on ___8/24/15___ .

4

5                                    Respectfully Submitted

6

7                                    Kenneth L. Campbell
                                     Plaintiff Propria Persona
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28