1
2
3

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CAMPBELL, | Case No.  14-cv-03071-BLF |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S "NOTICE OF OBJECTION AND REQUEST TO VACATE UNLAWFUL ORDERS"** |
| BARACK OBAMA, et al., | |
| Defendants. | |

Plaintiff Kenneth L. Campbell, proceeding *pro se*, filed this action against President Barack Obama and others on July 7, 2014.  The case initially was assigned to Magistrate Judge Paul S. Grewal, and Plaintiff consented to proceed before Judge Grewal.  *See* Consent to Magistrate Judge Jurisdiction, ECF 4.  Judge Grewal presided over the case for approximately one year until August 26, 2015, when he issued an Order of Recusal directing that the case be reassigned.  *See* Order of Recusal, ECF 113.  The Case was reassigned to Magistrate Judge Nathanael M. Cousins on August 27, 2015, and Judge Cousins filed an Order of Recusal the same day.  *See* Order of Recusal, ECF 115.  The case then was reassigned to Magistrate Judge Howard R. Lloyd.  *See* Order Reassigning Case, ECF 116.  Judge Lloyd filed an Order of Recusal on August 31, 2015, *see* Order of Recusal, ECF 117, and the case was reassigned to the undersigned on September 1, 2015.  *See* Order Reassigning Case, ECF 118.

On September 9, 2015, Plaintiff filed a "Notice of Objection and Request to Vacate Unlawful Orders."  *See* Pl.'s Notice of Objection, ECF 120.  Plaintiff asserts that, "excluding the Order granting plaintiff leave to proceed in forma pauperis, all magistrate orders made and entered herein should be vacated, and the case should in the public interest be referred to the Grand Jury (Rule 6, Fed. Rules Crim. Proc)."  *Id.* at 3.  As an initial matter, the rule cited by Plaintiff,

United States District Court
Northern District of California

1   governing the summoning of a grand jury in criminal cases, has no application to this civil case.

2   To the extent that Plaintiff objects generally to assignment of the case to a magistrate judge,

3   Plaintiff consented to magistrate judge jurisdiction and when he later attempted to withdraw that

4   consent he failed to establish the required extraordinary circumstances.  *See* Order Re: Consent to

5   Magistrate Judge Jurisdiction, ECF 62.  The record does not suggest any basis to question Judge

6   Grewal's jurisdiction until August 24, 2015, the date upon which Plaintiff filed a "Proposed

7   Amendment to Complaint" naming Judge Grewal as a defendant.  *See* Proposed Amendment to

8   Complaint, ECF 111.  Judge Grewal recused himself two days later on August 26, 2015 and he did

9   not issue any orders between the date the Proposed Amendment to Complaint was filed and the

10  date of his recusal.  *See* Order of Recusal, ECF 113.

11      To the extent that Plaintiff objects to any specific rulings by Judge Grewal, Plaintiff points

12  to only one, Judge Grewal's ruling on Defendants' administrative motion for an order setting a

13  deadline for amendment of the complaint.  *See* Order Granting Motion for Administrative Relief,

14  ECF 109.  Plaintiff asserts that Judge Grewal granted that administrative motion without giving

15  Plaintiff an opportunity to respond.  *See* Pl.'s Notice of Objection at 3, ECF 120.  However,

16  Plaintiff does not identify any prejudice resulting from Judge Grewal's ruling.  Judge Grewal

17  granted Plaintiff seven days to file an amended pleading, *see* Order Granting Motion for

18  Administrative Relief, ECF 109; Plaintiff filed the Proposed Amendment to Complaint within that

19  deadline, *see* Proposed Amendment to Complaint, ECF 111; and Plaintiff in fact joined in the

20  administrative motion in conjunction with filing the Proposed Amendment to Complaint, *see*

21  Joinder, ECF 112.  The undersigned subsequently struck Plaintiff's Proposed Amendment to

22  Complaint and granted Plaintiff an additional twenty-one days, until September 24, 2015, to file

23  an amended pleading.  *See* Order Striking Plaintiff's Proposed Amended Complaint, ECF 119.

24      Plaintiff also requests injunctive relief restraining enforcement of "the 100 day

25  hospitalization" rule, restraining unlawful detainer proceedings against him, and directing medical

26  doctors to medically assist him to commit suicide.  *See* Pl.'s Notice of Objection at 4-5, ECF 120.

27  At this time, Plaintiff has no operative pleading on file.  Thus he cannot demonstrate a likelihood

28  of success on the merits as required for injunctive relief.  *See Winter v. Natural Resources Defense*

2

1  *Council, Inc.*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

2  1131-32 (9th Cir. 2011).

3     Accordingly, Plaintiff's request to vacate Judge Grewal's orders, and for the other relief

4  requested, is DENIED.

5     **IT IS SO ORDERED.**

6

7  Dated:  September 8, 2015

8                                          _____

9                                          BETH LABSON FREEMAN
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3