UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>BARACK OBAMA, et al.,<br><br>Defendants. | Case No. 14-cv-03071-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION AND RECUSAL OF THE UNDERSIGNED JUDGE; AND SETTING PLAINTIFF'S MOTIONS FOR HEARING ON JANUARY 28, 2016**<br><br>[Re: ECF 180] |

On December 7, 2016, Plaintiff filed a document titled "Amended Notice of Motions: Memorandum of Points and Authorities in Support of Plaintiff's Amended Complaint." *See* Amended Notice, ECF 180. In the body of that Amended Notice, Plaintiff requests that the undersigned "submit to voluntary disqualification and recusal in this case." *Id.* at 3. The Court construes that request as a motion for recusal. For the reasons discussed below, the motion for recusal is DENIED.

**I.    BACKGROUND**

Plaintiff Kenneth L. Campbell, proceeding *pro se*, commenced this action on July 7, 2014 by filing a complaint against Barack Obama, President of the United States ("Obama"), Sylvia Burwell, Secretary of Health and Human Services ("Burwell"), the State Bar of California ("the State Bar"), Senior Adults Legal Assistance ("SALA"), Kaiser Health Foundation/VA Clacher ("Kaiser"), and others. On December 2, 2014, Magistrate Judge Grewal – to whom the case then was assigned – dismissed on the record all defendants except Obama, Burwell, the State Bar,

SALA, and Kaiser. *See* Minute Entry, ECF 104.  On February 10, 2015, Judge Grewal issued a written order granting motions to dismiss brought by Obama, Burwell, the State Bar, and SALA, with leave to amend as to claims against those defendants. *See* Order Granting Motions to Dismiss and Denying Motions for Removal, Joinder and Vacation and Withdrawal, ECF 105.

Plaintiff filed a Proposed Amendment to Complaint on August 24, 2015, which named Judge Grewal as a defendant.  Proposed Amendment to Complaint, ECF 111.  Judge Grewal then filed an Order of Recusal and ultimately the case was reassigned to the undersigned judge on September 1, 2015.  Order of Recusal, ECF 113; Order Reassigning Case, ECF 118.  This Court struck Plaintiff's Proposed Amendment to Complaint on the grounds that (1) it incorporated the original complaint, which is not permitted under this Court's Civil Local Rules, and (2) it added numerous defendants not named in the original complaint, which was not permitted by Judge Grewal's dismissal order.  *See* Order Striking Plaintiff's Proposed Amendment to Complaint at 2, ECF 119.  The Court granted Plaintiff additional time to file an amended complaint curing those defects, and Plaintiff filed the operative Second Amended Complaint ("SAC") within the time provided.  *See* SAC, ECF 126.

Six groups of defendants have filed separate motions to dismiss, all six of which are set for hearing on January 28, 2016 at 9:00 a.m.  The parties submitted a significant amount of briefing on those motions between October 2015 and December 2015.  During that period Plaintiff filed a Motion for Appointment of Counsel or Guardian Ad Litem (ECF 147) and a Motion for Medical Examination (ECF 153).  Plaintiff appears to have intended that those motions be set for hearing on *Tuesday*, November 24, 2015, at 9:00 a.m., as both motions state that date and time in the caption.  As explained in the Court's Standing Order Re Civil Cases, the undersigned hears civil motions on *Thursdays* at 9:00 a.m., and all hearing dates *must be reserved in advance* by contacting the Courtroom Deputy Clerk.  *See* Standing Order Re Civil Cases at 1.  Because Plaintiff did not reserve a hearing date, his motions were not placed on the Court's calendar.  The undersigned was unaware that Plaintiff believed that a hearing had been scheduled for Tuesday, November 24, 2015, a date on which the Court had no matters on calendar.  Thus when Plaintiff traveled to the courthouse on that date, the courtroom was dark.  In fact, the undersigned judge

was working on November 24, 2015, and would have made every effort to set the hearing on a date convenient to Plaintiff had she become aware of Plaintiff's requested hearing date with sufficient time to give notice to the opposing parties so that they could appear. None of the opposing parties appeared on November 24, 2015.

Plaintiff thereafter filed a document captioned "Amended Notice of Motions: Memorandum of Points and Authorities in Support of Plaintiff's Amended Complaint." *See* Amended Notice, ECF 180. In the body of that document, Plaintiff indicates that he intends to argue his Motion for Appointment of Counsel or Guardian Ad Litem and Motion for Medical Examination on January 28, 2016, at 9:00 a.m., the date and time set for hearing the pending motions to dismiss. *See id.* Also in the body of the document, Plaintiff asserts that the Court's "rudeness and discourtesy" in failing to inform him that the November 24, 2015 hearing date was unavailable shows that the undersigned judge "is clearly biased and prejudiced against plaintiff as both a disabled and pro se litigant." Amended Notice at 2-3, ECF 180. On that basis, Plaintiff requests that the undersigned "submit to voluntary disqualification and recusal in this case." *Id.*

## II. PROCEDURAL MATTERS

Before turning to the merits of Plaintiff's motion for recusal, the Court apologizes to Plaintiff for the inconvenience that he suffered when he traveled to the courthouse on Tuesday, November 24, 2015, only to find the courtroom dark. As discussed above, the motion was not placed on the Court's calendar and the undersigned judge was unaware that Plaintiff intended to appear on that date. The Court certainly did not intend for Plaintiff to travel to the courthouse to no purpose, and it acknowledges Plaintiff's understandable frustration at having done so.

Plaintiff still has not reserved a hearing date for his motions as required by this Court's Standing Order Re Civil Cases. However, in light of Plaintiff's pro se status and the inconvenience he suffered when he traveled to the courthouse on November 24, 2015, the Court hereby directs the Clerk to set Plaintiff's Motion for Appointment of Counsel or Guardian Ad Litem (ECF 147) and Motion for Medical Examination (ECF 153) for hearing on January 28, 2016 at 9:00 a.m., to be heard with the six motions to dismiss previously set for hearing on that date. The Court also directs the Clerk to set Plaintiff's discovery requests (ECF 165, 193, and

194) for hearing on January 28, 2016 at 9:00 a.m. Finally, the Court directs the Clerk to set Plaintiff's Rebuttal to Los Altos Sub Acute and Application for Imposition of Sanctions (ECF 176) for hearing on January 28, 2016 at 9:00 a.m. The Court has cleared its Law and Motion Calendar on that date of all matters except those pertaining to this case so that the Court may give its full attention to the issued raised by Plaintiff and Defendants. The Court's *sua sponte* setting of Plaintiff's motions on the January 28, 2016 calendar is a courtesy; that setting does not change the parties' rights to respond to those motions in accordance with this Court's Civil Local Rules.

The Clerk shall serve Plaintiff with a copy of the Court's Standing Order Re Civil Cases, which will inform Plaintiff of the procedures for setting any future motions for hearing before the Court.

The Court encourages Plaintiff to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. The Federal Pro Se Program has offices in two locations, listed below. Help is provided by appointment and on a drop-in basis. Parties may make appointments by calling the program's staff attorney, Mr. Kevin Knestrick, at 408-297-1480. Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

Federal Pro Se Program
United States Courthouse
280 South 1st Street
2nd Floor, Room 2070
San Jose, CA 95113
Monday to Thursday 1:00 pm – 4:00 pm
Fridays by appointment only

Federal Pro Se Program
The Law Foundation of Silicon Valley
152 North 3rd Street
3rd Floor
San Jose, CA 95112
Monday to Thursday 9:00 am – 12:00 pm
Fridays by appointment only

### III. MOTION FOR RECUSAL

Plaintiff's motion for recusal is governed by 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal where a party files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists." *Id.* Recusal is required only if the bias arose from an extrajudicial

source. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988). If the judge against whom an affidavit of bias is filed determines that it is timely and legally sufficient, the judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; *see also* Civ. L.R. 3-14 (judge must refer motion for recusal to the Clerk for reassignment to another judge when the judge finds the affidavit to be "neither legally insufficient nor interposed for delay"). However, if the judge finds the affidavit to be legally insufficient, the judge may deny the motion for recusal. *Toth*, 862 F.2d at 1388 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

Section 455 requires a judge to recuse "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "As with § 144, the provisions of § 455(a) & (b)(1) require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth*, 862 F.2d at 1388. Also as with § 144, it is appropriate for a judge to deny a recusal motion if the motion is legally insufficient. *Id.*

In the present case, Plaintiffs seeks recusal based upon the Court's "rudeness and discourtesy" in failing to inform him that the November 24, 2015 hearing date was unavailable. Amended Notice at 2-3, ECF 180. Plaintiff believes that the perceived discourtesy of the Court shows bias and prejudice against Plaintiff. Amended Notice at 2-3, ECF 180. Plaintiff's assertions are not presented in the form of an affidavit, as required by § 144; however, the document in which those assertions appear is signed under penalty of perjury. *See* Amended Notice at 3, ECF 180. Even viewing the document liberally as an "affidavit," it does not present any facts that demonstrate bias or prejudice. As discussed in detail above, the undersigned judge was unaware that Plaintiff believed his motion had been set for hearing on November 24, 2015, and sincerely regrets the inconvenience to Plaintiff caused by the calendaring misunderstanding. Moreover, the events described by Plaintiff – the fact that the courtroom was dark when Plaintiff arrived for an unscheduled hearing – do not satisfy the requirement that the bias stems from an extrajudicial source.

Because Plaintiff has not presented a timely and sufficient affidavit demonstrating bias or prejudice, referral of his motion for determination by another judge is unnecessary. For the reasons discussed above, Plaintiff's motion for recusal is DENIED.

Plaintiff's alternative request that Judge Freeman be joined as a party defendant also is DENIED. Plaintiff has not submitted a proposed amended complaint as required by Civil Local Rule 10-1. This denial is without prejudice.

## IV. ORDER

(1) Plaintiff's motion for recusal is DENIED;

(2) The Clerk shall set the following motions and requests of Plaintiff for hearing on January 28, 2016 at 9:00 a.m.: Motion for Appointment of Counsel or Guardian Ad Litem (ECF 147); Motion for Medical Examination (ECF 153); discovery requests (ECF 165, 193, and 194); and Rebuttal to Los Altos Sub Acute and Application for Imposition of Sanctions (ECF 176).

**IT IS SO ORDERED.**

Dated: January 21, 2016

_____
BETH LABSON FREEMAN
United States District Judge