United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

KENNETH L. CAMPBELL,
Plaintiff,

v.

BARACK OBAMA, et al.,
Defendants.

Case No. 14-cv-03071-BLF

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL OR GUARDIAN AD LITEM (ECF 147); DENYING PLAINTIFF'S MOTION FOR A MEDICAL EXAMINATION (ECF 153); AND LIFTING STAY**

Plaintiff Kenneth L. Campbell, proceeding pro se, sues Barack Obama, President of the United States, and many others for a variety of claims which include a constitutional challenge to Medicare's statutory 100-day limitation on skilled nursing care; a request to abolish the State Bar of California on the ground that all attorneys are dishonest; and claims of elder abuse and disability discrimination against Kaiser Foundation Health Plan, Inc.

This order addresses Campbell's Motion for Appointment of Counsel or Guardian Ad Litem (ECF 147) and Campbell's Motion for Medical Examination (ECF 153). For the reasons discussed below, those motions are DENIED. The stay of litigation entered by the Court pending disposition of Campbell's Motion for Appointment of Counsel or Guardian Ad Litem, *see* Minute Entry (ECF 203), is LIFTED.

## I. MOTION FOR APPOINTMENT OF COUNSEL OR GUARDIAN AD LITEM

Campbell filed this action on July 7, 2014, at which time it was assigned to Magistrate Judge Paul S. Grewal. After several defendants moved to dismiss the complaint, Campbell filed a motion for appointment of counsel. On October 6, 2014, Judge Grewal issued an order denying

Campbell's motion for appointment of counsel and granting Campbell an extension of time to reply to one of the pending motions to dismiss. *See* Order Denying Motion to Appoint Counsel and Granting Motion to Extend Time, ECF 63. Approximately one year later, following significant motion practice and reassignment of the case to the undersigned judge, Campbell filed the present motion in which he again requests appointment of counsel or appointment of a guardian ad litem. *See* Motion for Appointment of Counsel or Guardian Ad Litem, ECF 147.

**A. Motion for Appointment of Counsel**

Campbell requests that the Court appoint counsel to represent him in this case. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* In making a determination whether exceptional circumstances exist, the court must consider both the ability of the plaintiff to articulate his claims pro se and the plaintiff's likelihood of success on the merits. *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Campbell has filed numerous motions, briefs, and other documents articulating his claims in this case. Those claims are not a model of clarity, but they do set forth Campbell's theories of relief. Thus this factor does not weigh heavily for or against appointment of counsel.

However, Campbell's claims are not likely to succeed on the merits. As discussed in the concurrently filed order dismissing all of Campbell's claims without leave to amend and dismissing this action with prejudice, Campbell has failed to cure the defects identified by Judge Grewal in his prior dismissal order or to show that he might be able to allege a viable claim if given further leave to do so.

Campbell's renewed motion for appointment of counsel is DENIED.[1]

The Court notes that Judge Grewal's order denying Campbell's first motion for appointment of counsel referred Campbell to the Court's Federal Pro Se Program (previously

[1] To the extent that Campbell's renewed motion for appointment of counsel may be viewed as a motion for reconsideration of Judge Grewal's prior order denying appointment of counsel, Campbell has not complied with the requirements of Civil Local Rule 7-9. *See* Civ. L.R. 7-9 (setting forth requirements for seeking reconsideration in this district).

called "Federal Legal Assistance Self Help Center" or "FLASH"), a free program that offers limited legal services and advice to parties who are representing themselves. *See* Order Denying Motion to Appoint Counsel and Granting Motion to Extend Time at 2 & n.11, ECF 63. The record does not reflect any effort on Campbell's part to obtain legal assistance through the Court's program.

**B. Motion for Appointment of Guardian Ad Litem**

Campbell requests that the Court appoint a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental competence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See, e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetent in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could

take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Campbell relies upon the following evidence of incompetence. First, he cites to his certificate of honorable discharge from the United States Navy, dated April 28, 1960, which is attached as an exhibit to his SAC. *See* Discharge, ECF 126. Campbell contends that his discharge was "for medical reasons" but the document itself does not state the reasons for Campbell's discharge.

Campbell next claims that he suffered traumatic head injury at birth, which resulted in significant functional impairment. However, he provides no evidence of the claimed injury.

Finally, Campbell cites to a 1975 decision of the California Court of Appeal addressing the trial court's competency determination in criminal proceedings against him on a charge of armed robbery. *See People v. Superior Court (Campbell)*, 51 Cal. App. 3d 459 (1975). The trial court found that there was substantial evidence that Campbell was incompetent to stand trial, suspended the proceedings, and ordered Campbell committed to the Department of Health. *Id.* at 463. The Court of Appeal held that Campbell had a constitutional right to a jury trial on the issue of his competence to stand trial and that the trial court had erred in accepting a waiver of that right from Campbell's counsel over Campbell's objection. *Id.* The Court of Appeal also suggested that the trial court had been confused as to the applicable legal standard, stating that the test "is competency to cooperate, not cooperation," and that Campbell's uncooperativeness with his attorney did not provide a basis for committing him. *Id.* at 464. The Court of Appeal reversed the trial court's commitment order and remanded the case for rehearing on the issue of competence. *Id.*

The cited decision *vacated* the trial court's competency determination. Therefore, it is doubtful that the decision would be sufficient to raise a substantial question regarding Campbell's competence even if it were recent. However, the decision is forty years old, and thus does not raise a substantial question regarding Campbell's current mental state.

At the hearing, the Court explained to Campbell that it needed some evidence of

incompetence, and it granted Campbell until February 16, 2016 to submit a doctor's letter regarding his mental condition. *See* Minute Entry, ECF 203. Campbell submitted two letters dated February 12, 2016 which were filed by the Clerk on February 17, 2016. The Court accepts those letters as timely. One of the letters, directed to the undersigned, states that Campbell was unable to obtain a psychiatric examination. The other letter, directed to the Court Clerk, does not address the competency issue. Thus neither letter raises a substantial question as to Campbell's competence.

At the hearing, the Court inquired whether Campbell had received any mental health treatment. He indicated that he had not, but that he was on a psychiatric hold at some time in the last year or so. The Court presumes that Campbell was referring to an involuntary psychiatric hold pursuant to California Welfare & Institutions Code § 5150. However, Campbell presented no evidence that he was found to be gravely disabled at that time or diagnosed with any mental health condition.

The Court has considered whether Campbell's behavior during this litigation could be considered sufficient to raise a substantial question regarding his competence. Some of Campbell's filings indicate that he might be contemplating suicide, either medically assisted or otherwise. For example, an email chain between Campbell and his doctor, attached to his Amended Notice regarding his Motion for Appointment of Counsel or Guardian Ad Litem, shows that Campbell asked his doctor whether starvation would be a painful death. *See* Emails, ECF 180. While that behavior might be thought to suggest some mental instability, this Court has not discovered any decision in which such behavior has been held to warrant even a Rule 17(c) inquiry, let alone a finding of incompetence. Additionally, in light of California's recently enacted End of Life Option Act, Health & Safety Code § 443 et seq., the Court concludes that discussion with a physician about end of life choices is not, alone, evidence of incompetence.

Thus, on this record, the Court has no verifiable evidence of incompetence. Campbell's motion for a guardian ad litem is DENIED.[2]

---

[2] Although not mentioned in the caption of Campbell's Motion for Appointment of Counsel or Guardian Ad Litem, the body of the motion contains a request for a "protective order" prohibiting

**II. MOTION FOR MEDICAL EXAMINATION**

Shortly after filing his Motion for Appointment of Counsel or Guardian Ad Litem, Campbell filed a Motion for Medical Examination pursuant to Federal Rule of Civil Procedure 35. In the motion, Campbell indicates that he is seeking a medical examination of *himself* and that he "selects and designates" his primary care physician, Dr. Kurt Andrew Vandervort. Motion for Medical Examination at 3, ECF 153. However, in a footnote, Campbell indicates that he expects that Dr. Vandervort will make a referral to a qualified psychiatrist. *Id.* at 3 n.1.

The purpose of Rule 35 is to compel an unwilling party to submit to a medical examination where his or her medical condition is at issue. *See* Fed. R. Civ. P. 35 Advisory Comm. Notes. "Typically . . . Federal Rule of Civil Procedure Rule 35 is invoked when one party (usually a defendant) seeks to have an opposing party (usually a plaintiff) submit to a mental or physical examination." *Cottle v. Nevada Dep't of Corr.*, No. 3:12–cv–00645–MMD–WGC, 2013 WL 5773845, at *2 (D. Nev. Oct. 24, 2013). Rule 35 may not be used "to secure either medical treatment for the plaintiff or to obtain expert witness testimony to advocate on the plaintiff's behalf." *Id.* (collecting cases).

Campbell's reliance on Rule 35 is misplaced. It is the responsibility of each litigant to obtain the evidence needed to support his own case. "[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Campbell's Motion for Medical Examination is DENIED.

//

//

//

---

MP Shoreline Associates from commencing or prosecuting any unlawful detainer action against Campbell in state court. Campbell has not presented facts suggesting that MP Shoreline Associates has or intends to file an unlawful detainer action against him. Moreover, Campbell in essence seeks injunctive relief against MP Shoreline Associates, but he has not addressed the factors that must be established in order to obtain such relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (setting forth factors that must be established to obtain preliminary injunctive relief). Thus Campbell's request for a protective order is DENIED.

United States District Court
Northern District of California

**III. ORDER**

(1) Campbell's Motion for Appointment of Counsel or Guardian Ad Litem (ECF 147) is DENIED;

(2) Campbell's Motion for Medical Examination (ECF 153) is DENIED; and

(3) The stay of litigation entered by the Court pending disposition of Campbell's Motion for Appointment of Counsel or Guardian Ad Litem, *see* Minute Entry (ECF 203), is hereby LIFTED.

Dated: March 18, 2016

BETH LABSON FREEMAN
United States District Judge