UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KENNETH L. CAMPBELL,

Plaintiff,

v.

BARACK OBAMA, et al.,

Defendants.

Case No. 14-cv-03071-BLF

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF 201)**

Plaintiff Kenneth L. Campbell, proceeding pro se, sues Barack Obama, President of the United States, and many others for a variety of claims which include a constitutional challenge to Medicare's statutory 100-day limitation on skilled nursing care; a request to abolish the State Bar of California on the ground that all attorneys are dishonest; and claims of elder abuse and disability discrimination against Kaiser Foundation Health Plan, Inc.

This order addresses Campbell's Rebuttal to Court Ruling (ECF 201), which the Court construes as a motion for reconsideration of its Order Denying Plaintiff's Motion for Disqualification and Recusal of the Undersigned Judge (ECF 198). For the reasons set forth below, the Court DENIES the motion for reconsideration.

**I.   BACKGROUND**

Campbell, proceeding pro se, filed the complaint in this action on July 7, 2014. *See* Compl., ECF 1. Initially, Campbell, along with all parties, consented to this case being heard by Magistrate Judge Grewal. *See* Plaintiff's Consent to Magistrate Judge Jurisdiction, ECF 4. Plaintiff's later request to withdraw his consent was denied by Judge Grewal. *See* Minute Entry, ECF 104; Order Granting Motions to Dismiss and Denying Motions for Removal, Joinder and Vacation and Withdrawal, ECF 105.

On August 24, 2015, Campbell filed a "Proposed Amendment to Complaint" which

purported to add new defendants, including Judge Grewal. *See* Proposed Amendment to Compl., ECF 111. Judge Grewal recused himself and after two reassignments and subsequent recusals by other magistrate judges, the case was reassigned to the undersigned on September 1, 2015. *See* Order Reassigning Case, ECF 118. This Court struck the "Proposed Amendment to Complaint" as defective in two respects – it incorporated the original complaint, which violated the Court's Civil Local Rules, and it added new defendants, which went beyond the scope of the leave to amend granted by Judge Grewal. *See* Order Striking Campbell's Proposed Amendment to Complaint, ECF 119.

On September 24, 2015, Campbell filed a second amended complaint ("SAC"). *See* SAC, ECF 126. Between the end of September 2015 and early January 2016, Campbell and Defendants filed numerous motions and requests. Among Campbell's filings was a document entitled Amended Notice of Motions: Memorandum of Points and Authorities in Support of Plaintiff's Amended Complaint. *See* Amended Notice, ECF 180. Campbell incorporated within that document a motion to disqualify the undersigned judge on the ground that the judge was rude and discourteous for failing to be present on the date Campbell had set for hearing on his motion for appointment of counsel. *See id.* The Court denied the motion to disqualify by order dated January 21, 2016. *See* Order Denying Plaintiff's Motion for Disqualification and Recusal of the Undersigned Judge, ECF 198. Denial was based on the determination that Campbell had not presented facts demonstrating bias or prejudice as required under 28 U.S.C. § 144 or § 455. *See id.*

Thereafter, on January 27, 2016, Campbell filed the Rebuttal to Court Ruling addressed by this order. *See* Rebuttal to Court Ruling, ECF 201. In that document, Campbell disagrees with the Court's ruling denying disqualification and he further asserts that the undersigned judge and the adverse parties conspired to discriminate against him as a disabled and pro se litigant. *See id.* Campbell indicates that such alleged conduct supports naming the undersigned as a defendant. *See id.* No additional case authority or evidence is submitted. Instead, Campbell requests discovery of the names of court staff to enable issuance of a subpoena to obtain testimony as to whether there was communication between court staff and Defendants regarding Campbell's

failure to reserve a hearing date in accordance with the Court's standing orders. *See id.*

## II. LEGAL STANDARD

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The Northern District of California also has local rules governing motions for reconsideration. Under Civil Local Rule 7-9, a party must seek leave to file a motion for reconsideration before judgment has been entered. Civ. L.R. 7-9(a). Moreover, a motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

## III. DISCUSSION

As noted above, in this district motions for reconsideration may not be filed without leave of court. Civ. L.R. 7-9(a). Because Campbell is pro se, however, the Court will consider Campbell's Rebuttal to Court Ruling – which clearly is intended to be a motion for reconsideration – even though Campbell did not seek leave to file it.

3

In his motion, Campbell has neither shown the existence of new facts nor attempted to show a change in the law or the Court's failure to consider material facts or dispositive legal arguments. Campbell asserts only that no affidavit supports the prior order's statement that the undersigned was unaware of the hearing date that Campbell believed he had reserved for his motion for appointment of counsel. That objection is not sufficient. In its Order Denying Plaintiff's Motion for Disqualification and Recusal of the Undersigned Judge, ECF 198, the Court explained that the date unilaterally designated by Campbell – Tuesday, November 24, 2015 – was not selected in compliance with the Court's Standing Order, which limits civil motions to Thursdays at 9:00 a.m. and requires that all dates be reserved in advance by contacting the Courtroom Deputy Clerk. Because Campbell did not reserve a hearing date, his motions were not placed on the Court's calendar. Lack of knowledge by the undersigned judge of Campbell's intent to travel to the courthouse on November 24, 2015 was not the basis of the Court's Order Denying Plaintiff's Motion for Disqualification and Recusal of the Undersigned Judge.

Because Campbell has failed to present any new evidence or law, the Court DENIES Campbell's motion for reconsideration.

## IV. ORDER

Campbell's motion for reconsideration is DENIED.

Dated: March 18, 2016

_____
BETH LABSON FREEMAN
United States District Judge