UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>BARACK OBAMA, et al.,<br><br>    Defendants. | Case No. 14-cv-03071-BLF<br><br>**ORDER GRANTING REMAINING DEFENDANTS' MOTIONS TO DISMISS (ECF 129, 130, 131, 155) WITHOUT LEAVE TO AMEND; CONSTRUING MOTION TO DISMISS BROUGHT BY PREVIOUSLY DISMISSED DEFENDANT MP SHORELINE (ECF 145) AS AN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND; TERMINATING AS MOOT MOTION TO DISMISS BROUGHT BY PREVIOUSLY DISMISSED DEFENDANTS LOS ALTOS, ALVAREZ, AND BRIAN (ECF 133); DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF 126); DENYING PLAINTIFF'S OTHER MOTIONS AND REQUESTS (ECF 140, 165, 176, 180, 193, 194); AND DISMISSING ACTION WITH PREJUDICE** |

Plaintiff Kenneth L. Campbell, proceeding pro se, sues Barack Obama, President of the United States, and many others for a variety of claims which include a constitutional challenge to Medicare's statutory 100-day limitation on skilled nursing facility ("SNF") care; a request to abolish the State Bar of California on the ground that all attorneys are dishonest; and claims of elder abuse and disability discrimination against Kaiser Foundation Health Plan, Inc.

This order addresses motions to dismiss brought by all defendants remaining in the case (ECF 129, 130, 131, 155); motions to dismiss brought by two defendants previously dismissed

from the case (ECF 133, 145); Campbell's motion for leave to amend his pleading to add new and previously dismissed defendants (ECF 126); and several other motions and requests by Campbell (ECF 140, 165, 176, 180, 193, 194).  For the reasons discussed below, the motions to dismiss brought by all remaining defendants (ECF 129, 130, 131, 155) are GRANTED WITHOUT LEAVE TO AMEND; the motion to dismiss brought by previously dismissed defendant MP Shoreline (ECF 145) is construed as an opposition to Campbell's motion for leave to amend; the motion to dismiss brought by previously dismissed defendants Los Altos Sub Acute, Alvarez, and Brian (ECF 133) is terminated as MOOT; Campbell's motion for leave to amend to add new and previously dismissed defendants (ECF 126) is DENIED; Campbell's remaining motions and requests (ECF 140, 165, 176, 180, 193, 194) are DENIED; and the action is DISMISSED WITH PREJUDICE.

**I.   BACKGROUND**

<u>Original Complaint</u>

Campbell, proceeding pro se, filed the complaint in this action on July 7, 2014, suing nine sets of defendants:  (1) Barack Obama, President of the United States; (2) Sylvia Burwell, Secretary of Health and Human Services; (3) Kaiser Foundation Health Plan, Inc. and Venesha Clachar; (4) Los Altos Sub Acute and Rehabilitation Center, J. Alvarez, and Mark Brian; (5) SC County Welfare and Robert Brizuela; (6) SC County Welfare and Patricia Melenudo; (7) MP Shoreline Associates dba Shorebreeze Apartment and Martha Ray; (8) Senior Adults Legal Assistance ("SALA") and Michele Schroeder; and (9) the State Bar of California.  *See* Compl., ECF 1.

<u>Complaint Dismissed With Leave To Amend In Part</u>

All defendants filed motions to dismiss except for Kaiser, which answered, *see* Kaiser's Answer, ECF 84; Clacher (a Kaiser consultant), who did not respond; and Brizuela, who was not served, *see* Unexecuted Summons, ECF 77.  Magistrate Judge Grewal, to whom the case then was assigned, heard the motions to dismiss on December 2, 2014.  *See* Minute Entry, ECF 104.  He dismissed the following defendants on the record at the hearing:  MP Shoreline Associates, Martha Ray, Los Altos Sub Acute, J. Alvarez, Mark Brian, SC Social Service, Robert Brizuela, and

Patricia Melenudo.[1]  *Id.*  The docket reflects that those defendants were terminated from the action on December 2, 2014.

Judge Grewal issued a written order granting the motions to dismiss filed by Obama, Burwell, SALA, Schroeder, and the State Bar, with leave to amend.  *See* Order Granting Motions to Dismiss and Denying Motions for Removal, Joinder and Vacation and Withdrawal, ECF 105.  As noted above, Kaiser had answered the original complaint and Clacher had not responded.

Proposed Amendment to Complaint

On August 24, 2015, Campbell filed a "Proposed Amendment to Complaint."  *See* Proposed Amendment to Compl., ECF 111.  The case was reassigned to the undersigned judge shortly thereafter, on September 1, 2015.  This Court struck the "Proposed Amendment to Complaint" as defective in two respects.  *See* Order Striking Campbell's Proposed Amendment to Complaint, ECF 119.  First, the Proposed Amendment to Complaint incorporated the original complaint, which violated the Court's Civil Local Rules.  *See id.*  Second, it added defendants not named in the original complaint, which was outside the scope of the leave to amend granted by Judge Grewal.  *See id.*  The Court granted Campbell an extension of time to file an amended complaint that conformed to the Court's Civil Local Rules and Judge Grewal's prior order.  *See id.*

Operative Second Amended Complaint

Campbell timely filed the operative Second Amended Complaint ("SAC") on September 24, 2016.  *See* SAC, ECF 126.  The SAC names as defendants Obama, Burwell, Kaiser, SALA, Schroeder, and the State Bar.  *See* SAC at 2-3.  The SAC does not name Clacher, and the docket reflects that she has been terminated from the action.[2]

The SAC also requests leave to add the following new or previously dismissed defendants: Julian Castro, Secretary of Housing and Urban Development (new); MP Shoreline Associates[3]

---

[1] Judge Grewal also dismissed on the record "Martyn Ray," who does not appear to have been named in the original complaint.

[2] The docket indicates that Clacher was terminated on August 24, 2015, the date that the Proposed Amendment to Complaint was filed, presumably because Clacher did not appear in the caption or in the listing of defendants.

[3] The SAC actually seeks to add "SP" Shoreline Associates instead of "MP" Shoreline Associates.

3

1  (previously dismissed); Martyn Ray (previously dismissed); Maria Ivanchuk (new); Francisco

2  Aquilar (new); Linda Wiley (new); Lidia Breslavez (new); Notashia Zaydenberg (new);

3  Magistrate Judge Grewal (new); Karen B. Goldberg (new); Guy J. Caputo (new); and Karen B.

4  Goldberg (new).  *See* SAC at 3-4.  The Court construes this portion of Campbell's SAC as a

5  motion for leave to amend his pleading under Federal Rule of Civil Procedure 15(a).

6  Current Motions

7  All defendants remaining in the action have filed motions to dismiss the SAC.  One motion

8  has been filed on behalf of Obama and Burwell (ECF 131), a second on behalf of Kaiser (ECF

9  155), a third on behalf of SALA and Schroeder (ECF 130), and a fourth on behalf of the State Bar

10  (ECF 129).

11  MP Shoreline Associates, a previously dismissed defendant that Campbell now seeks to

12  add, also has filed a motion to dismiss (ECF 145).  The Court construes that motion as an

13  opposition to Campbell's motion for leave to amend.

14  Los Altos Sub Acute and Rehabilitation Center, J. Alvarez, and Mark Brian, also

15  previously dismissed defendants, have filed a motion to dismiss as well (ECF 133).  Those

16  defendants were dismissed from the action by Judge Grewal on December 2, 2014, and terminated

17  from the docket on that date, and Campbell has neither named them as defendants in the SAC nor

18  sought leave to add them back into the action.  *See* SAC at 2-4.  Accordingly, the motion to

19  dismiss filed by Los Altos, Alvarez, and Brian is terminated as MOOT.

20  In addition to the motion for leave to amend presented in the body of Campbell's SAC

21  (ECF 126), Campbell has filed the following motions and requests:  Notice of Advisement (ECF

22  140); Notice of Advisement and Discovery Request (ECF 165); Rebuttal to Los Altos Sub Acute

23  and Application for Imposition of Sanctions (ECF 176); Amended Notice of Motions:

24  Memorandum of Points and Authorities in Support of Plaintiff's Amended Complaint (ECF 180);

25  Discovery Request (ECF 193); and Discovery Request (ECF 194).

---

The Court presumes that to be a typographical error.

## II. MOTIONS TO DISMISS FILED BY ALL REMAINING DEFENDANTS

The Defendants remaining in this case – Obama, Burwell, Kaiser, SALA, and Schroeder – seek dismissal of the claims against them under Federal Rule of Civil Procedure 12(b)(6).[4] The SAC alleges subject matter jurisdiction based upon federal question. *See* SAC at 4. The Court therefore begins its analysis with Campbell's federal claims, because absent viable federal claims the Court declines to exercise supplemental jurisdiction over Campbell's state law claims. *See* 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)) (ellipses in original). As discussed below, the Court concludes that Campbell has not alleged a viable federal claim. Thus the Court declines to exercise supplemental jurisdiction over Campbell's state law claims.

### A. Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed

---

[4] While all Defendants move to dismiss under Rule 12(b)(6), some Defendants also move under Rule 12(b)(1) (lack of subject matter jurisdiction), Rule 12(e) (more definite statement), or Rule 12(f) (motion to strike). The Court need not address these additional grounds for relief in light of its conclusion that all claims are subject to dismissal without leave to amend under Rule 12(b)(6) for failure to state a claims upon which relief may be granted.

factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. President Obama and Secretary Burwell (ECF 131)

#### 1. Secretary Burwell

Campbell asserts federal claims against Sylvia Burwell, Secretary of Health and Human Services, based upon her final decision denying his Medicare claim for continued SNF care beyond the 100 days permitted by the Medicare Act. The Medicare Act, which sets forth a federal health insurance program for the elderly and disabled, provides for limited coverage of SNF care following a qualifying hospital inpatient stay. *See* 42 U.S.C. § 1395d(a)(2)(A). As relevant here, Medicare will cover up to 100 days of SNF care during a "spell of illness." *Id.*

Campbell was a member of Kaiser Permanente's Senior Advantage Medicare Plan. Decision of Medicare Appeals Council, Exh. 1 to De Chazal Decl., ECF 131-1.[5] He had a hospital inpatient stay in March 2012 relating to pain and swelling in his left foot. *Id.* He then was transferred to a skilled nursing facility. *Id.* Some months later, he was informed that he had exhausted the 100 days of SNF care provided by Medicare in June 2012. *Id.* Following Campbell's administrative appeal of that decision, an Administrative Law Judge ("ALJ") issued an unfavorable decision based upon a determination that Campbell had received the statutorily required 100 days of SNF care. *Id.* The ALJ's decision was affirmed by the Medicare Appeals Council, making the ALJ's decision the final decision of the Secretary of Health and Human Services. *Id.*

---

[5] The Court takes judicial notice of the Decision of the Medicare Appeals Council. *See United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice may be taken of public records, including records of administrative bodies); *Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) (taking judicial notice of a decision and order of an Administrative Law Judge). The Decision of the Medicare Appeals Council also may be considered under the incorporation by reference doctrine, as Campbell refers to it expressly in his SAC. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference doctrine permits a court to consider documents referenced in but not physically attached to the complaint).

Campbell does not challenge the determination that he received the statutory maximum of 100 days of SNF care. Instead, he asserts that the 100-day limit, irrespective of medical condition, violates the Eighth and Thirteenth Amendments to the United States Constitution. SAC at 2, 9-10. The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Campbell appears to be invoking the "cruel and unusual punishments" clause. However, the Eighth Amendment applies only to punishments imposed after "a formal adjudication of guilt in accordance with due process of law." *In re Grand Jury Proceedings*, 33 F.3d 1060, 1062 (9th Cir. 1994). The Eighth Amendment simply is not applicable in the circumstances at issue here. The Thirteenth Amendment prohibits "slavery" and "involuntary servitude." Campbell does not allege how the Thirteenth Amendment relates to the 100-day limitation at issue in this case.

The SAC appears to allege an alternative claim against Burwell which is characterized as "a right to die under the laws and Constitution of United States." SAC at 2, 18. Campbell has not identified, and the Court has not discovered, any authority giving rise to a "right to die" claim under federal law. In those states permitting medically assisted suicide, difficult decisions regarding end of life options are made by the patient, his family, and his physicians. The federal government has no role in such decisions.

Burwell's motion to dismiss is GRANTED as to all claims.

### 2. President Obama

Campbell sues President Obama on the basis of his "direct supervision and control" over the Department of Housing and Urban Development ("HUD"). SAC at 8. Campbell alleges that Obama and HUD have "aided, abetted and encouraged" Campbell's landlord and others to discriminate against Campbell and to deprive him of federally protected rights. *Id.* Campbell may also be suing Obama with respect to the Medicare 100-day limit discussed above. SAC at 10. Campbell has not alleged any specific conduct on the part of President Obama and thus has failed to state a claim against him. Moreover, Campbell sues Obama solely for conduct taken in his official capacity as President. To the extent that Campbell seeks money damages, Obama "is entitled to absolute immunity from damages liability predicated on his official acts." *Nixon v.*

7

*Fitzgerald*, 457 U.S. 731, 749 (1982).

Obama's motion to dismiss is GRANTED as to all claims.

### C. Kaiser (ECF 155)

The bases for Campbell's claims against Kaiser are unclear. The only potential federal claim asserted against Kaiser is the constitutional challenge to the Medicare 100-day limit on SNF care discussed above. To the extent that claim is asserted against Kaiser, it fails for the reasons discussed above.[6]

Campbell also asserts a state law claim of elder abuse against Kaiser under California's Elder Abuse Act, California Welfare & Institutions Code § 15600 et seq. The Court declines to exercise supplemental jurisdiction over that claim because, as discussed herein, all of Campbell's federal claims are subject to dismissal with prejudice. The Court notes, however, that Campbell does not allege any facts in support of his elder abuse claim other than Kaiser's denial of SNF care beyond the 100-day limit. Kaiser's compliance with the Medicare Act is insufficient, standing alone, to state a claim of elder abuse. The Court also observes that Kaiser's statute of limitations argument appears to be well-taken. Campbell alleges that he received notice of the coverage denial "effective 6/25/12," SAC at 12, and he did not file suit until more than two years later on July 7, 2014. *See Benun v. Sup. Ct.*, 123 Cal. App. 4th 113, 125-26 (2004) (applying two-year statute of limitations set forth in California Code of Civil Procedure § 335.1 to an Elder Abuse Act claim based on an allegation that health care providers recklessly or intentionally neglected to provide adequate care). Thus even if the Court were to exercise supplemental jurisdiction over the elder abuse claim, it would grant Kaiser's motion to dismiss for failure to state a claim upon which relief may be granted.

Kaiser's motion to dismiss is GRANTED as to all claims.

### D. SALA and Schroeder (ECF 130)

Campbell sues SALA and its supervising attorney, Michele Schroeder, because SALA

---

[6] Additionally, it does not appear from the face of the SAC or matters judicially noticeable that Kaiser is a state or federal actor that would be subject to suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

declined to represent him in administrative appeals regarding Medicare and Medi-Cal benefits. Campbell attaches to the SAC a letter from SALA dated June 23, 2014, explaining SALA's reasons for declining representation, including SALA's lack of resources to mount a constitutional challenge to Medicare's 100-day limit on SNF care and a potential conflict of interest. Campbell alleges no other facts against SALA and Schroeder. As Judge Grewal observed in his prior order dismissing the claims against SALA and Schroeder with leave to amend, these facts are insufficient to suggest that the denial of representation was for an improper purpose.

The motion to dismiss brought by SALA and Schroeder is GRANTED as to all claims.

### E.    State Bar (ECF 129)

Campbell sues the State Bar of California, asserting that it "tends to encourage & promote dishonesty including untrustworthiness among members," and that "generally said attorney members are dishonest & untrustworthy, and thereby unqualified to practice law." SAC at 16. As examples of the unfitness of California attorneys, Campbell states that the court-appointed attorneys who represented him in an armed robbery prosecution were rewarded by appointment as state court judges.[7] *Id.* Campbell also alleges that the State Bar declared Karen B. Goldberg, a proposed new defendant in this action, to be an attorney even though she did not attend or graduate law school. *Id.*

The State Bar moves to dismiss on the ground that Campbell's claims are barred by the Eleventh Amendment. "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted). A state may waive its immunity and, in some circumstances, Congress may abrogate it by legislation. *Virginia Office for Protection and Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011). However, absent such waiver or legislation, the state is absolutely immune from suit in federal court. *Id.*

The State Bar of California is a state agency for Eleventh Amendment purposes. *See Hirsh*

---

[7] While not clear from Campbell's allegations, the armed robbery prosecution to which he refers appears to have been prosecuted approximately forty years ago. *See People v. Superior Court (Campbell)*, 51 Cal. App. 3d 459 (1975).

*v. Justices of the Sup. Ct. of the State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995); *Delacruz v. State Bar of Cal.*, 5:14-cv-05336-EJD, 2015 WL 5697365, at *3 (N.D. Cal. Sept. 29, 2015). Thus it is immune from suit for money damages or injunctive relief. Judge Grewal previously dismissed Campbell's claims against the State Bar on Eleventh Amendment grounds.

The motion to dismiss brought by the State Bar is GRANTED as to all claims.

### III. LEAVE TO AMEND

Having determined that all of Campbell's existing claims are subject to dismissal, the Court must decide whether to grant leave to amend those claims. Additionally, Campbell seeks leave to amend his pleading to add new and previously dismissed defendants to the action.

In deciding whether to grant leave to amend following dismissal, or pursuant to Federal Rule of Civil Procedure 15(a), the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.* Moreover, the proposed addition of new claims unrelated to the claims and defenses in the original complaint may be grounds for denial of leave to amend. *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denial of leave to amend not abuse of discretion where proposed new claims would have "greatly altered the nature of the litigation" and required defendants to undertake "an entirely new course of defense"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of leave to amend where additional claims "advance different legal theories and require proof of different facts").

#### A. Dismissed Claims

Turning first to the Campbell's existing claims, which are subject to dismissal for the reasons discussed above, the Court concludes that leave to amend must be denied based upon

10

1  Campbell's failure to cure the defects pointed out in Judge Grewal's prior order as well as the
2  futility of allowing further amendment.  Judge Grewal's prior order dismissing Campbell's
3  original complaint highlighted several pleading defects which Campbell failed to address in his
4  SAC.  Campbell's briefing gives no indication that he could amend to state a viable federal claim
5  even if given further leave to amend.  Campbell's claims again Secretary Burwell are futile
6  because the Eighth and Thirteenth Amendments simply do not provide any basis for challenging
7  Medicare's 100-day rule.  President Obama and the State Bar are immune from suit.  Campbell
8  has failed to allege facts sufficient to state a claim against Kaiser, SALA, or Schroeder, and his
9  briefing does not suggest that he could do so.
10  Leave to amend therefore is DENIED as to all dismissed claims.

### B. Campbell's Motion for Leave to Amend to Add Defendants (ECF 126)

Campbell seeks leave to amend to add new and previously dismissed defendants to the action.  SAC at 3-4.  Specifically, Campbell seeks leave to add:  Julian Castro, Secretary of Housing and Urban Development (new); MP Shoreline Associates (previously dismissed); Martyn Ray (previously dismissed); Maria Ivanchuk (new); Francisco Aquilar (new); Linda Wiley (new); Lidia Breslavez (new); Notashia Zaydenberg (new); Magistrate Judge Grewal (new); Karen B. Goldberg (new); Guy J. Caputo (new); and Karen B. Goldberg (new).  *Id.*

The SAC contains no allegations against Secretary Castro.  Thus amendment is not warranted as to him.

MP Shoreline was dismissed from the action by Judge Grewal without leave to amend.  Campbell did not seek reconsideration of that ruling.  The SAC contains conclusory allegations that MP Shoreline, which appears to be Campbell's landlord, has engaged in ongoing elder abuse and disability discrimination.  *See* SAC at 14-15.  The SAC makes reference to an "Eviction Notice" issued by MP Shoreline, but then cites to a "Tenant Misconduct Notice," which is an email that Plaintiff wrote to the manager of his apartment complex complaining that another tenant had left a shopping cart and boxes in the hallway.  The Tenant Misconduct Notice is attached to the SAC.  No "Eviction Notice" is attached.  The SAC suggests that MP Shoreline conspired with several of its employees, including Martyn Ray, Maria Ivanchuk, and Francisco Aquilar, and

several of its tenants, including Linda Wiley, Lidia Breslavez, and Notashia Zaydenberg. However, the SAC and attached exhibits contain no specific facts regarding any of these individuals except for Linda Wiley, the tenant who allegedly left the shopping cart and boxes in the hallway. These allegations are insufficient to make out a plausible claim of disability discrimination or any other wrongful conduct that could rise to the level of a federal claim.

With respect to Judge Grewal, the SAC alleges that while presiding over this lawsuit Judge Grewal concealed his membership in the California State Bar and conspired with other defendants to commit elder abuse and disability discrimination. SAC at 18. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). As a result, Campbell could not state a viable claim against Judge Grewal for his conduct in this case.[8]

Finally, with respect to two separate individuals named Karen B. Goldberg and an individual named Guy J. Caputo, the SAC contains no allegations that would give rise to liability. The SAC contains no allegations whatsoever regarding Guy J. Caputo. The SAC likewise contains no allegations regarding Karen B. Goldberg, allegedly a resident of San Jose, California, although a letter attached to Campbell's briefing indicates that Campbell was Ms. Goldberg's "right-hand assistant at St. Joseph Bingo parlor," and that Ms. Goldberg is dishonest and untrustworthy. *See* Letter to Judge Weinstein, ECF 152. The SAC alleges that a different Karen B. Goldberg, allegedly a resident of Los Angeles, California, has nothing to do with this case and is a complete stranger to Campbell. SAC at 5. These allegations do not establish the existence of a viable federal claim against Caputo or either of the Karen B. Goldbergs.

Because it does not appear that Campbell could allege viable federal claims against any of the proposed additional defendants, and because any such claims would be wholly unrelated to the claims currently alleged in the FAC, Campbell's motion for leave to amend is DENIED.

---

[8] Judicial immunity does not extend to actions for prospective injunctive relief. *Ashelman*, 793 F.2d at 1075. However, Campbell does not and could not assert a claim for prospective injunctive relief given that Judge Grewal recused himself from this case and has no further involvement in it.

### IV. CAMPBELL'S OTHER MOTIONS/REQUESTS (ECF 140, 165, 176, 180, 193, 194)

In addition to the request for leave to amend to add defendants, Campbell has filed the following motions and requests: Notice of Advisement (ECF 140); Notice of Advisement and Discovery Request (ECF 165); Rebuttal to Los Altos Sub Acute and Application for Imposition of Sanctions (ECF 176); Amended Notice of Motions: Memorandum of Points and Authorities in Support of Plaintiff's Amended Complaint (ECF 180); Discovery Request (ECF 193); and Discovery Request (ECF 194).

#### A. Notice of Advisement (ECF 140)

Campbell has submitted a Notice of Advisement (Set I) (ECF 140), which contains information regarding an unlawful detainer action filed by MP Shoreline against an individual named Nina Sidorova. The Notice of Advisement does not request any action by the Court.

#### B. Notice of Advisement and Discovery Request (ECF 165)

Campbell has submitted a Notice of Advisement and Discovery Request (ECF 165), seeking discovery from the California State Bar and one of the Karen B. Goldbergs that Campbell seeks to add as a defendant in this action. As an initial matter, it is inappropriate for Campbell to seek discovery by making a request to the Court. The discovery process is governed by Federal Rules of Civil Procedure 26 through 37, which explain how a party may seek discovery during civil litigation. Moreover, with respect to the particular discovery requested by Campbell, it is clear that there is no basis for the discovery because Campbell's claims against the State Bar are dismissed without leave to amend and Campbell's request to add Karen B. Goldberg as a defendant is denied.

Campbell's Discovery Request is DENIED.

#### C. Rebuttal to Los Altos Sub Acute/Application for Sanctions (ECF 176)

Campbell has submitted a document titled Rebuttal to Los Altos Sub Acute and Application for Imposition of Sanctions (ECF 176). Campbell complains that he was not served with the Motion to Dismiss filed by Los Altos Sub Acute, but only with the proposed order on that motion. Campbell requests sanctions against Los Altos Sub Acute. In response, Los Altos Sub Acute points to the Certificate of Service filed on October 13, 2015, stating that Campbell was

served with the Motion to Dismiss. *See* Certificate of Service, ECF 137. Both sides devote extensive briefing to the question of whether and when Campbell was served with Los Altos Sub Acute's Motion to Dismiss and the briefing thereon.

Campbell requests sanctions under Federal Rule of Civil Procedure 11. Rule 11 provides for sanctions when an attorney or pro se party makes a representation to the Court for an improper purpose or without reasonable basis. *See* Fed. R. Civ. P. 11(b), (c). A motion for sanctions under Rule 11 must be served upon the opposing party at least twenty-one days before the sanctions motion is filed. Fed. R. Civ. P. 11(c)(2). The sanctions motion may not be filed if the contested paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within twenty-one days after service. *Id.* It does not appear from the record that Campbell complied with the Rule 11 notice provision. "Failure to provide the required notice precludes an award of Rule 11 sanctions." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009).

While Campbell's motion for sanctions references only Rule 11, his Rebuttal to Los Altos Sub Acute Response (ECF 187) requests sanctions under 28 U.S.C. § 1927. Section 1927 grants courts authority to impose sanctions on an attorney who unreasonably and vexatiously multiplies the proceedings. Campbell's citation to a new statutory basis for his sanctions request in his Rebuttal is inappropriate and will not be considered by the Court.

Even if the Court were to consider Campbell's sanctions request on the merits, that request would be denied. Campbell has not made an adequate showing that Defendants did not serve him with the Motion to Dismiss. While Campbell claims that he did not receive the Motion to Dismiss, Defendants have submitted a Certificate of Service stating that the Motion to Dismiss was mailed to him. Based upon this record, the Court cannot make a factual finding that Defendants engaged in any misconduct.

Campbell's motion for sanction is DENIED.

### D. Amended Notice of Motions (ECF 180)

Campbell has submitted an Amended Notice of Motions: Memorandum of Points and Authorities in Support of Plaintiff's Amended Complaint (ECF 180). That document contains a request for disqualification, which this Court previously denied on January 21, 2016. *See* ECF

14

198. The document does not request other relief, but rather offers support for Campbell's SAC.

### E. Discovery Requests (ECF 193, 194)

Finally, Campbell has submitted two Discovery Requests, requesting "Admission of Facts and Genuineness of Documents" (ECF 193, 194). It is inappropriate for Campbell to seek discovery by making a request to the Court. The discovery process is governed by Federal Rules of Civil Procedure 26 through 37, which explain how a party may seek discovery during civil litigation.

Campbell's Discovery Requests are DENIED.

### V. ORDER

It is HEREBY ORDERED that:

(1) The motion to dismiss brought by Secretary Burwell and President Obama (ECF 131) is GRANTED WITHOUT LEAVE TO AMEND;

(2) The motion to dismiss brought by Kaiser (ECF 155) is GRANTED WITHOUT LEAVE TO AMEND;

(3) The motion to dismiss brought by SALA and Schroeder (ECF 130) is GRANTED WITHOUT LEAVE TO AMEND;

(4) The motion to dismiss brought by the State Bar of California (ECF 129) is GRANTED WITHOUT LEAVE TO AMEND;

(5) The motion to dismiss brought by MP Shoreline (ECF 145) is construed as opposition to Campbell's motion for leave to amend;

(6) The motion to dismiss brought by Los Altos Sub Acute and Rehabilitation Center, J. Alvarez, and Mark Brian is terminated as MOOT;

(7) Campbell's motion for leave to amend his pleading (ECF 126) is DENIED;

(8) Campbell's Notice of Advisement (ECF 140) does not require action by the Court;

(9) Campbell's Notice of Advisement and Discovery Request (ECF 165) is DENIED;

(10) Campbell's Rebuttal to Los Altos Sub Acute and Application for Imposition of Sanctions (ECF 176) is DENIED;

(11) Campbell's Amended Notice of Motions (ECF 180) does not require action by the

15

| | |
|---|---|
| 1 | Court; |
| 2 | (12) Campbell's Discovery Requests (ECF 193, 194) are DENIED; |
| 3 | (13) All of Campbell's federal claims are DISMISSED WITH PREJUDICE on the merits; |
| 5 | (14) The Court declines to exercise supplemental jurisdiction over Campbell's state law claims. Those claims are DISMISSED WITH PREJUDICE from this action on that basis. This ruling is without prejudice to Campbell's assertion of state law claims in state court; and |
| 9 | (15) The Clerk of the Court shall enter judgment and close the file. |

Dated: March 18, 2016

_____
BETH LABSON FREEMAN
United States District Judge