UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH L. CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>BARACK OBAMA, et al.,<br><br>    Defendants. | Case No. 14-cv-03071-BLF<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF FILED MARCH 17, 2017**<br><br>[Re: ECF 211] |

On March 17, 2017, Plaintiff filed a document titled "Notice of Address Change Including Petition for Relief Under Rule 70, FRCP." *See* ECF 21. In that document, Plaintiff requests that the Court: (1) substitute President Donald Trump as defendant in place of former President Barack Obama; (2) reconsider its March 18, 2016 Order Denying Plaintiff's Motion for Appointment of Counsel or Guardian Ad Litem; Denying Plaintiff's Motion for a Medical Examination; and Lifting Stay; (3) and grant Plaintiff temporary and immediate relief in the form of appointment of an ombudsman/patient advocate to serve as his guardian ad litem.

Plaintiff's request to substitute President Donald Trump in place of former President Barack Obama is governed by Federal Rule of Civil Procedure 25(d). That rule provides that "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office *while the action is pending*," the officer's successor automatically is substituted as a party. Fed. R. Civ. P. 25(d) (emphasis added). Judgment was entered in this case on March 18, 2016, and Plaintiff did not file an appeal. Judgment, ECF 210. Because the action was no longer "pending" when Donald J. Trump became the President, no substitution is necessary under Rule 25(d).

With respect to Plaintiff's request for reconsideration of this Court's denial of his request for appointment of a guardian ad litem, the Court's Civil Local Rules provide that a party may seek reconsideration *before* entry of judgment. Civ. L.R. 7-9. As noted above, judgment has been entered in this case. Accordingly, Plaintiff's request for reconsideration is untimely. Plaintiff states that his request is made pursuant to Federal Rule of Civil Procedure 70. That rule, which is titled "Enforcing a Judgment for a Specific Act," does not provide any basis for relief from this Court's prior orders. *See* Fed. R. Civ. P. 70. It may be that Plaintiff intended to seek relief under Federal Rule of Civil Procedure 60(b), reciting "Grounds for Relief from a Final Judgment, Order, or Proceeding." However, Plaintiff has not articulated any basis for relief under Rule 60(b).

Finally, with respect to Plaintiff's request for immediate appointment of an ombudsman/patient advocate to serve as his guardian ad litem, that request is denied on the basis that this case has been closed for a year.

Plaintiff indicates an intention to file additional documents in this case. This Court is without power to grant Plaintiff any relief in this case, unless and until Plaintiff provides a basis for setting aside the judgment, which he has not done.

Accordingly, Plaintiff's request for relief filed March 17, 2017 is DENIED.

**IT IS SO ORDERED.**

Dated: March 20, 2017

BETH LABSON FREEMAN
United States District Judge